UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CLAUDE BENCKENSTEIN, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:17-cv-2940 |
| | § | |
| CENTRAL MUTUAL INSURANCE | § | |
| COMPANY, | § | |
|     Defendant. | § | |

## MOTION TO COMPEL MEDIATION

Defendant, Central Mutual Insurance Company ("Central"), hereby files its Motion to Compel Mediation, and would show the Court as follows:

1.

Plaintiff has sued Central for various violations of Section 541 of the Texas Insurance Code, among other claims. In its Answer (Doc. No. 3), Central asserted the mandatory mediation provisions of Section 541.161 of the Texas Insurance Code as an affirmative defense. Central now requests the Court to order Plaintiff to participate in mediation, as required under Section 541.161 of the Texas Insurance Code.

2.

All of the requirements of Section 541.161 of the Texas Insurance Code have been satisfied in this matter. This Motion to Compel Mediation has been filed, as required by Section 541.161(a) within 90 days from when Plaintiff's Original Petition was served on Central, as Plaintiff's Petition was served on Central on September 7, 2017. See Doc. No. 1, p. 1. Further, Plaintiff's Original Petition seeks relief under various provisions of Chapter 541 of the Texas Insurance Code. See Doc. No. 1-1, pp. 3-4. The amount in dispute between the parties is greater than the $15,000 minimum

sum required for a mediation order. Tex.Ins.Code § 541.161(f); Plaintiff's Original Petition (Doc. No. 1-1), p. 2, ¶ 3 ("Plaintiff seeks monetary relief over $100,000 but not more than $200,000").

3.

The Mediation Provision in the Texas Insurance Code states that "the court shall, not later than the 30th day after the date a motion under this section is filed, sign an order setting the time and place of the mediation." Tex.Ins.Code § 541.161(b). The court shall appoint a mediator if the parties do not agree on a mediator. Tex.Ins.Code § 541.161(c). The mediation must be held not later than the 30th day after the date the order is signed, unless: (1) the parties agree otherwise; or (2) the court determines that additional time not to exceed 30 days is warranted. Tex.Ins.Code § 541.161(d). Each party who has appeared in the action shall (1) participate in the mediation; and (2) share the mediation fee. Tex.Ins.Code § 541.161(e).

4.

As all of the requirements for mediation under Insurance Code Section 541.161 are met, this motion should be granted. Central asks the court to appoint a qualified mediator to hear this matter and attempt to resolve the dispute between the parties.

For all of the above reasons, Defendant, Central Mutual Insurance Company, prays that this motion be granted, and the Court order the parties to participate in mediation pursuant to Section 541.161 of the Texas Insurance Code before a mediator to be chosen by the Court within thirty days from the Court's order, or within such additional time as may be granted by the Court, and for such other and further relief to which Central may be entitled, at law or in equity.

Respectfully submitted,

/S/Russell J. Bowman
Russell J. Bowman
Texas State Bar No. 02751550
Southern District No. 20283
800 West Airport Freeway, Suite 860
Irving, Texas 75062
(214) 922-0220
(214) 922-0225 (FAX)
E-Mail: russelljbowman@sbcglobal.net
ATTORNEY FOR DEFENDANT
CENTRAL MUTUAL INS. CO.

CERTIFICATE OF CONFERENCE

This is to certify that on December 6, 2017, I conferred by telephone with James Willis, counsel for Plaintiff, regarding this motion. Mr. Willis advised he is not opposed to this motion, and is not opposed to the proposed order being filed with this motion.

/S/Russell J. Bowman
Russell J. Bowman

CERTIFICATE OF SERVICE

This is to certify that on December 6, 2017, I electronically filed the foregoing document with the clerk of court for the U. S. District Court, Southern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means: Richard D. Daly and James Willis, attorneys for Plaintiff.

/S/Russell J. Bowman
Russell J. Bowman